UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DOROTHY COLLINS, | : | Case No. 1:06-cv-423 |
| | : | |
| Plaintiff, | : | Barrett, J. |
| | : | Black, M.J. |
| vs. | : | |
| | : | |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND NOT SUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; AND (2) THIS MATTER REMANDED TO THE ALJ UNDER SENTENCE FOUR OF 42 U.S.C. § 405(g)**

This is a Social Security disability benefits appeal. At issue is whether the administrative law judge ("ALJ") erred in finding Plaintiff "not disabled" on or before December 31, 2000, and, therefore, unentitled to a period of disability and disability insurance benefits. (*See* Administrative Transcript ("Tr.") 492-506) (ALJ's decision).)

**I. Background and Procedural History**

Plaintiff filed an application for disability insurance benefits on February 12, 1997, alleging disability due to chronic back pain and frequent headaches, with an onset date of October 15, 1995. The application was denied initially and upon reconsideration. After a hearing, an ALJ issued an unfavorable decision on October 29, 1998 affirming the denial. (Tr. 629-641.) In support of his decision, the ALJ found that Plaintiff

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

retained the residual functional capacity ("RFC") to perform a range of light work subject to a number of limitations:

> [She] should not be expected to lift more than a maximum of ten pounds. She should be free to alternate between sitting and standing as needed, and she should not be expected to walk significant amounts as part of regular job duties. The claimant should not be required to bend or stoop more than occasionally. She should not be expected to climb. The claimant should have no contact with the general public. She should not be expected to maintain concentration on a single task for longer than 15 minutes at a time. She should not be required to perform job duties which involve following complex or written instructions, nor should she be expected to perform jobs which involve production quotas.

(Tr. 637-38.)  The ALJ also found that she was unable to perform her past relevant work as a cook or restaurant manager.  (Tr. 638.)  The Appeals Council found no basis for review, and the decision became the final decision of the Commissioner.

On November 26, 1999, Plaintiff filed a second application for disability insurance benefits alleging disability due to her "back, high blood [pressure], headaches, diabetes, [and] depression" with a disability onset date of December 4, 1998.  (Tr. 121; *see* Tr. 116-129.)  The new application was also denied initially and upon reconsideration. Plaintiff requested a hearing *de novo* before an ALJ.  After a hearing on April 15, 2002 (*see* Tr. 42-80), the ALJ issued an unfavorable decision affirming the denial of benefits. (Tr. 14-25.)  In support of his decision, the ALJ found that Plaintiff could perform a range of light work subject to only two limitations: "(1) she must be able to alternate positions as needed; and (2) she can do no constant bending or stooping."  (Tr. 24.)  He also found, contrary to the finding of the previous ALJ, that she was capable of

performing her past relevant work. (*Id.*)

After the Appeals Council denied review, Plaintiff sought judicial review in the United States District Court for the Southern District of Ohio. On April 22, 2004, the Court granted the parties' joint motion for remand for further administrative proceedings. *See Collins v. Barnhart*, No. 1:03-cv-388 (S.D. Ohio Apr. 22, 2004) (order).

The Appeals Council determined on remand that the second hearing decision did not provide a sufficient rationale for deviating from the earlier RFC and, in turn, remanded the case to the ALJ for further hearing. (*See* Tr. 519, 521-22.) The ALJ was directed to take medical expert testimony in order "to clarify the nature and severity of the claimant's impairments." (Tr. 522.)

A hearing was conducted on September 19, 2005, at which Plaintiff appeared with counsel and testified. (*See* Tr. 587-625.) A medical expert, Dr. Paul Boyce, and a vocational expert, Ms. Vanessa Harris, were also present and testified. (Tr. 607-16, 617-25.)

On November 4, 2005, the ALJ entered his decision finding Plaintiff not disabled. That decision became Defendant's final determination upon denial of review by the Appeals Council on May 2, 2006. (Tr. 484.)

The ALJ's "Findings," which represent the rationale of his decision, were as follows:

> 1. The claimant met the disability insured-status requirements of the Act on her alleged disability onset date of December 4, 1998, and

        continued to meet them through December 31, 2000.

2.      The claimant has not performed substantial gainful activity since December 4, 1998, the alleged disability onset date.

3.      The medical evidence establishes that the claimant has "severe" impairments of lumbar degenerative disc disease and coronary artery disease, but that she does not have an impairment or combination of impairments listed in, or medically equal to one listed in, Appendix 1, Subpart P, Regulations No. 4.

4.      The claimant's allegations of total disability are not supported by substantial objective evidence or clinical findings and cannot be considered credible when evaluated under the guidelines of 20 CFR 404.1529.

5.      The claimant has the residual functional capacity (RFC) for a limited range of light work featuring: 1) lifting limited to ten pounds; 2) alternating positions as needed; 3) no constant bending or stooping; and 4) no jobs involving a high risk of death but with the capacity to deal with the public.

6.      The claimant is able to perform her past relevant work as a restaurant manager, as that job is customarily done; therefore it is appropriate to determine that she is "not disabled" under 20 CFR 404.1520(e). In addition, as the findings below indicate, she can do other work existing in significant numbers in the national economy upon consideration of her vocational profile and RFC.

7.      The claimant's residual functional capacity for the full range of light work is reduced by the functional limitations associated with her impairments as described in Finding No. 5.

8.      The claimant was fifty four years old on the date her disability insured-status expired, which defined her as an individual who was "closely approaching advanced age" (20 CFR 404.1563).

9.      The claimant has a seventh-grade or "limited" education (20 CFR 404.1564).

10.    Transferability of work skills is not an issue in this case (Appendix 2, Subpart P, Regulations No. 4).

11. Based on an exertional capacity for light work, and the claimant's age, education, and work experience, section 404.1569 of Regulations No. 4 and Vocational Rules 202.10 through 202.12 of Table No. 2, Appendix 2, Subpart P, Regulations No. 4 would direct a conclusion of "not disabled," regardless of whether any acquired skills are transferable.

12. Although the claimant's functional limitations did not permit her to perform the full range of light work, using the above-cited rules as a framework for decision making, there area significant number of jobs in the national economy that she could have performed on or before the date that she last had disability insured status. Examples of such 4,000 unskilled light exertion jobs are: box inspector, small products assembler, and injection-mold machine tender. These jobs exist in the region of Dayton-Springfield-Cincinnati, Ohio, and in significant and proportionate numbers in the national economy as well. These jobs are representative of a significant number of jobs in the national economy that the claimant is capable of performing despite her alleged impairment.

13. The claimant was not under a "disability," as defined in the Social Security Act, at any time on or before December 31, 2000, the last date that she had disability insured status, or at any time through the date of this decision.

(Tr. 504-06.)

The ALJ concluded that Plaintiff was not entitled to a period of disability or disability insurance benefits. (Tr. 506.)

On appeal, Plaintiff argues that the ALJ erred: (1) in rejecting a treating physician opinion concerning residual functional capacity; (2) in failing to find a severe mental impairment, or that her mental limitations prevented her from performing her past relevant work; and (3) in finding that she could perform other work. (*See* Doc. 12.) She also argues that the ALJ erred in mechanically applying the Medical-Vocational Guidelines ("the Grid") to find her "not disabled."

For the reasons that follow, the decision of the ALJ should be found not supported by substantial evidence and this matter remanded under sentence four of 42 U.S.C. § 405(g).

## II. Standard of Review

The Court's inquiry on appeal is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). In performing this review, the Court considers the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found the plaintiff disabled. As the Sixth Circuit has explained:

> The Commissioner's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard presupposes that there is a "zone of choice" within which the Commissioner may proceed without interference from the courts. If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm.

*Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994).

### III.  Discussion

### A.

Plaintiff argues first that the ALJ erred in rejecting the opinion of her treating physician, Dr. Wourms, concerning residual functional capacity and in substituting his own interpretation of the medical evidence for that of a medical specialist, neurologist Dr. Ongkiko.  Her first argument lacks merit.

An ALJ must give controlling weight to the opinion of an examining source if he finds that the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence in [the] case record."  *Wilson v. Commissioner of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (quoting 20 C.F.R. § 404.1527(d)(2)).  Deference is due, however, only when the physician supplies sufficient medical data to substantiate his diagnosis and opinion. *Giddings v. Richardson,* 480 F.2d 652, 656 (6th Cir. 1976).  The ultimate determination of whether a claimant is "disabled" rests with the Commissioner, and not with the treating physician.  *See* Soc. Sec. Ruling 96-5p; *Varley v. Secretary of Health & Human Servs.*, 820 F.2d 777, 780 (6th Cir. 1987).

The ALJ must provide "specific reasons for the weight given to a treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight [he] gave to the treating source's medical opinion and the reasons for that weight."  *Wilson,* 378 F.3d at 544

(citing Soc. Sec. Rul. 96-2p). When the treating physician's opinion does not deserve controlling weight, the ALJ must consider "certain factors – namely, the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, the supportability of the opinion, the consistency of the opinion with the record as a whole, and the specialization of the treating source – in determining what weight to give the opinion." *Wilson*, 378 F.3d at 544 (citing Soc. Sec. Rul. 96-2p). The ALJ's failure to technically meet this procedural requirement may be harmless where his reasoning was otherwise clear. *See Hickey-Haynes v. Barnhart*, 116 Fed. Appx. 718, 725 (6th Cir. 2004) (citing *Wilson*, 378 F.3d at 548).

In the present case, a treating physician, Dr. Wourms, opined that Plaintiff could lift no more than ten pounds, stand or walk for one hour uninterrupted in an eight-hour workday, and sit one hour uninterrupted in an eight-hour workday. (*See* Tr. 478.) He further opined that she should never stoop, crouch, kneel, or crawl; that her functional ability for pushing and pulling were affected by her impairments; and that she must not be exposed to heights or moving machinery. (*See* Tr. 479.) Dr. Wourms's opinion, issued on April 11, 2002, was based solely on the medical findings of spinal stenosis as determined by an MRI. (*See id.*)

Generally, a person with the restrictions identified by Dr. Wourms would be limited to a range of sedentary work. *See* 20 C.F.R. § 404.1567(a). "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying

-8-

articles like docket files, ledgers, and small tools. . . . Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." *Id.* Light work, on the other hand, "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b). Social Security regulations provide that "a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." *Id.*

The ALJ found that Plaintiff could perform a range of light work limited to lifting ten pounds. (*See* Tr. 505, Finding No. 5.) He rejected Dr. Wourms's restrictions as inconsistent with the opinion of the medical expert, Dr. Boyce, who determined that Plaintiff's degenerative disc disease was mild. (Tr. 501, 502; *see* Tr. 610-11.) In making his RFC finding, the ALJ emphasized that there was no evidence of radiculopathy or neuropathy on or before December 31, 2000, the last date that Plaintiff had disability insured status. (Tr. 501). The ALJ declined to give either controlling or deferential weight to Dr. Wourms's opinion noting further that his "cursory evaluation . . . lacked any detailed medical findings," and that it was "inconsistent with other medical evidence which describes no significant neurological compromise due to disc disease." (Tr. 502.)

The ALJ noted evidence from Plaintiff's 1997 application that included an examination indicating "degenerative disease without acute osseous process or radiculopathy." (Tr. 496.) He also noted the results of examinations performed in 1998

showing only mild paraspinal changes secondary to localized arthritis and no evidence of radiculopathy or neuropathy.  (Tr. 496; *see* 247, 250.)  Finally, he noted results of an MRI performed in May 2001 that demonstrated "evidence of degenerative disc disease with a mild herniation."  (Tr. 496, *see* Tr. 463.)

A neurologist, Dr. Ongkiko, reviewed the MRI in July 2001.  (*See* Tr. 444-45.)  Referring to the review, the ALJ noted that "[a]ccording to Dr. Ongkiko, the claimant had chronic discogenic back pain with a small disc at L5/S1 that did not touch a nerve and a mild spinal stenosis at L4/L5."  (Tr. 496).

According to Plaintiff, the ALJ ignored another comment by Dr. Ongkiko, in which the neurologist noted that the MRI showed "a *markedly* degenerative disc at L4-5 and L5-S1."  (Tr. 444 (emphasis added).)  Plaintiff argues that, in finding that her degenerative disc disease was mild, the ALJ improperly substituted his opinion for that of Dr. Ongkiko.  Her argument is unavailing.

Because Dr. Ongkiko used both "markedly" and "mild" to describe Plaintiff's impairment, his report was inconsistent.  It is the duty of the ALJ to resolve inconsistencies in the record; the Court cannot substitute its own findings.  *See Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001); *King v. Heckler*, 742 F.2d 968, 974 (6th Cir. 1984).  In this case, the ALJ resolved the inconsistency by relying on the finding of mild stenosis.  It was proper for him to do so.

Based upon a review of the record as a whole, the ALJ provided specific reasons

for rejecting Dr. Wourms's opinion and did not impermissibly substitute his own opinion for that of Dr. Ongkiko. With respect to these opinions, the ALJ's RFC finding is supported by substantial evidence and within his "zone of choice."

**B.**

Plaintiff argues next that the ALJ erred in failing to find that she had a severe mental impairment where an examining psychologist diagnosed a social phobia and learning disorder, and a reviewing psychologist found a severe mental impairment, including moderate difficulties in the ability to maintain social functioning. This argument lacks merit.

The failure to find that an impairment is severe is harmless error where other impairments are deemed severe. *See Mariarz v. Secretary of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987). Because the ALJ found that Plaintiff had severe impairments of lumbar degenerative disc disease and coronary artery disease (*see* Tr. 505, "Finding No. 3"), the alleged error in failing to find a severe mental impairment is harmless.

Plaintiff also argues that the failure of the ALJ to find that she had a severe mental impairment led to his erroneous finding that she could perform her past relevant work as a restaurant manager. This argument is well-taken.

In support of her claim, Plaintiff argues that her mental limitations, even if not "severe," interfered with her ability to perform her past relevant work. She testified that

she was assisted in her managerial duties by other employees who wrote reports and summaries for her (*see* Tr. 605), and she submitted letters from such individuals describing in detail the help that they gave her (*see* Tr. 546, 550).  The ALJ purported to give little weight to evidence that, due to her reliance on others, Plaintiff did not perform her work a restaurant manager in a typical fashion, instead giving more weight to undisputed evidence that she held the management position for about ten years.  (Tr. 500.)

In determining whether a claimant can perform past relevant work, the ALJ may consider statements from other people who know about the claimant's work.  *See* 20 C.F.R. § 404.1565(b).  In finding that Plaintiff could perform her work as a restaurant manager as that work is customarily performed, the ALJ rejected Plaintiff's testimony and a statement by her daughter as "not convincing" based solely on the fact that she was employed as a manager for a number of years.  (*See* Tr. 500.)  He failed to take into account the detailed letter from a former co-worker, Monica McQuinn, further explaining the delegation of management duties.  (*See* Tr. 546.)  In light of the ALJ's failure to consider the McQuinn evidence, his finding that Plaintiff can perform her past relevant work as it is customarily performed is not supported by the record.

In determining whether a claimant can perform past relevant work, the ALJ may consider whether the person retains the ability to perform such work either as the claimant actually performed it or as generally performed in the national economy.  *See* 20

C.F.R. § 404.1560(b)(2).  In light of evidence that Plaintiff did not perform her job as a restaurant manager as it is generally performed, this matter should be remanded to the ALJ to consider whether Plaintiff's mental limitations prevented her from performing the work of a restaurant manager as she actually performed it.

## C.

Next, Plaintiff argues that the ALJ erred at step five of the sequential analysis in finding that she could perform other work.  She contends that this finding is not supported by substantial evidence because the vocational expert's testimony, on which the ALJ relied, was based on an incomplete hypothetical question which was, in turn, based on the ALJ's own findings concerning RFC.  Specifically, she argues that the ALJ did not inquire of the vocational expert with particularity whether a person with a limitation on lifting more than 10 pounds could perform jobs of box inspector, small products assembler, or injection-mold machine tender.  This argument is also well-taken.

Generally, the question of whether the ALJ erred at step five will not be in issue if the ALJ found at step four that she could perform her past relevant work.  Upon making that determination, he is not required to inquire further.  *See* 20 C.F.R. § 404.1520(a), (e).  In light of the ALJ's error at step four in this case, his alternative finding at step five is in issue.

Plaintiff's assertions regarding the hypothetical questions presented to the vocational expert are supported by the record.  (*See* Tr. 619.)

-13-

This matter should be remanded for testimony by a vocational expert as to whether a person with Plaintiff's RFC, including the ten-pound lifting restriction, could perform other jobs in the national economy.

### D.

Finally, Plaintiff argues that the ALJ erred in his application of the Medical Vocational Guidelines.  Although Plaintiff was within five months of reaching age 55 at the time she was last insured, an age at which she would have been found "disabled" under the guidelines, the ALJ applied the guidelines for persons aged 50-54, and found her "not disabled."  *See* Vocational Rules 202.01, 202.02, 202.10 through 202.12, Table No. 2, Appx. 2 Subpart P, Regulations No. 4.  Plaintiff's argument is well-taken.

Generally, a person within six months of the next higher age category is considered "borderline."  *See Pickard v. Commissioner of Soc. Sec.*, 224 F. Supp. 2d 1161, 1168 (W.D. Tenn. 2002).  If application of the higher category would result in a finding of "disabled," the ALJ is required to make a factual finding as to whether the higher category should be used.  *See id.* at 1167; *see also Bush v. Astrue*, ___ F. Supp. 2d ___, 2008 WL 867941, at * 5-6 (S.D. W. Va. Mar. 28, 2008) (citing Social Security Administration's "Hearings, Appeal and Litigation Law Manual" (HALLEX), II-5-3-2). Application of the age category, 20 C.F.R. § 404.1563, is a step-five issue, and the burden of showing that a claimant's characteristics match the Grid lies with the Commissioner.  *Bush*, 2008 WL 867941, at *7; *Pickard*, 224 F. Supp 2d. at 1169.

This matter should be remanded to the ALJ to determine whether the next higher age category should be used.

### III.  Conclusion

For the reasons stated, **IT IS THEREFORE RECOMMENDED THAT** the ALJ's finding of non-disability be found **NOT SUPPORTED BY SUBSTANTIAL EVIDENCE** and **REVERSED**, and this matter be **REMANDED** to the ALJ under the **FOURTH SENTENCE** of 42 U.S.C. § 405(g).

The ALJ should be instructed, on remand, to determine: (1) whether Plaintiff's mental limitations prevented her from performing the work of a restaurant manager either as it is customarily performed or as she actually performed it; (2) whether a person with Plaintiff's RFC, including the ten-pound lifting restriction, could perform other jobs in the national economy; and (3) whether the next higher age category should be used.


Date:   5/8/08                                                s/Timothy S. Black                        
                                                              Timothy S. Black
                                                              United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DOROTHY COLLINS, | : | Case No. 1:06-cv-423 |
| | : | |
| Plaintiff, | : | Barrett, J. |
| | : | Black, M.J. |
| vs. | : | |
| | : | |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **TEN (10) DAYS** after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to **THIRTEEN (13) DAYS** (excluding intervening Saturdays, Sundays, and legal holidays) when this Report is being served by mail and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  A party may respond to another party's objections within **TEN (10) DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters,* 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).